LOUIS BOLOTOW *vs.* JOHN BARNES.

MAY 31, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Decision of District Court without Notice to Party.  Duty to follow Cause.*

A case was tried in a district court and held for advisement and decision rendered without notice thereof to the parties whereby petitioner alleged that he was deprived of the opportunity to claim a jury trial:—

*Held,* that as the duty of notifying parties of its decisions is not imposed by statute upon a district court, and as the petition contained no allegation that the court agreed to so notify petitioner, the case followed the general rule that a party who fails to follow his cause is without remedy.

PETITION for trial.  Denied and dismissed.

BLODGETT, J.  On January 14, 1911, the following petition was filed in the office of the clerk of this court:

"Louis Bolotow of Cumberland in said county, respectfully represents that he was the plaintiff and John Barnes of said Cumberland is defendant in an action at law, as above entitled, in the district court of the eleventh judicial district at Central Falls, in said county, which said action was tried in said court on, to wit:  the first day of December, A. D. 1910, and held for advisement by said court.  And your petitioner shows that neither he nor his counsel knew of the time when said court was to render decision in said action, but, he shows, decision was rendered for the defendant, the said Barnes on, to wit: the eighth day of December, A. D. 1910, but your petitioner was not, nor was his counsel, notified of said decision, and neither your petitioner knew of said decision until more than

two days after the same was rendered, when it was too late to claim a jury trial therein. Wherefore your petitioner says that by reason of accident, misfortune and mistake, he has been deprived of a fair trial of said action and of a trial by jury.

"And the petitioner further shows that since the trial of said action he has discovered new and important evidence in relation to said action and cause of action which he did not know of and by due diligence could not have known of before said trial.

"Wherefore he prays for a new trial or a trial by jury of said action.

"By his Attorney,

HUGH J. CARROLL."

The statute does not impose upon a district court the duty of notifying parties of its decisions and there is no allegation in the petition that the trial justice in any way agreed or promised the petitioner that such notification should be given to him. The case, therefore, follows the general requirement in such cases, that a party must follow his cause if he desires to have the action of the district court reviewed elsewhere or desires a jury trial, and if he fails to do so he is without remedy.

In *Opie* v. *Clancy*, 27 R. I. 42, 50, this court thus declared the law: "If a party loses the opportunity of making his defense or of taking other steps necessary for the preservation or enforcement of his rights, by reason of the neglect, inattention, or mistaken advice of his own attorney, without any fraud or unfairness of the adverse party, it is in law, as between him and the adverse party, the same as if he had lost it by his own neglect, inattention or fault."

An examination of the affidavits as to newly discovered evidence does not show any ground for a new trial even if there were no other objection to granting the petition.

Petition denied and dismissed.

*Hugh J. Carroll*, for plaintiff.
*Wilbur A. Scott*, for defendant.